IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JENNIFER HAMMOND,<br><br>     Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>     Defendant. | 3:14-cv-01308-TC<br><br>FINDINGS AND RECOMMENDATION |

COFFIN, Magistrate Judge:

This action is brought pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income (SSI). As discussed below, the Commissioner's decision should be reversed and remanded for further proceedings consistent with the identified errors of the Administrative Law Judge (ALJ), and for any further proceedings useful in the disability determination.

## Background

On November 13, 2009, plaintiff filed an application for benefits under Title II. The claim was denied initially and on reconsideration. Plaintiff subsequently requested a hearing on her claim. Plaintiff appeared before an ALJ, who issued a written decision finding plaintiff not disabled. Plaintiff then filed for review from the Appeals Council, who denied review.

1 – FINDINGS AND RECOMMENDATION

**Standard of Review**

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

**Discussion**

Plaintiff alleges three errors by the ALJ. First, plaintiff argues the vocational expert's (VE) testimony was internally inconsistent. Second, plaintiff argues the ALJ improperly assessed plaintiff's residual functional capacity (RFC) by misconstruing the limitation set forward by Dr. Rethinger and not including plaintiff's severe learning impairment. Third, plaintiff argues the ALJ improperly rejected the medical opinion of plaintiff's treating physician, Dr. Englander.

Defendant concedes error in the evaluation of plaintiff's application, but argues this court should remand the decision for further proceedings during which the ALJ should re-evaluate the medical evidence regarding plaintiff's mental impairments, re-assess her RFC, and obtain supplemental VE testimony before determining whether plaintiff could perform any other jobs that exist in the national economy.

//

//

### I.    Remand for Further Proceedings is Appropriate

Whether to remand for further development of the administrative record or for an immediate award of benefits is a fact bound determination, which is properly within the discretion of the reviewing court. See Harman v. Apfel, 211 F.3d 1172, 1177–78 (9th Cir. 2000). A remand for benefits is appropriate when a court determines: 1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; 2) there are no outstanding issues that must be resolved before a determination of disability can be made or that further proceedings would not be useful; and 3) the application of the credit as true rule shows the claimant is disabled. Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

Defendant concedes that step one is satisfied, but argues that further proceedings would be useful because there are outstanding issues to be resolved before a determination of disability can be made. I agree; the errors identified by plaintiff indicate that further proceedings would be useful in these circumstances.

For example, the ALJ gave significant weight to Dr. Rethinger's opinion, but noted the opinion lacks specificity as to how plaintiff's impairments affected her ability to function in a work setting. See tr. 24. Dr. Rethinger ultimately concluded that plaintiff can understand and carry out short and simple instructions of one to two steps, but the ALJ did not account for this limitation within the plaintiff's RFC. Tr. 22-23, 250. The ALJ also did not present a hypothetical with that limitation to the VE during the hearing. Tr. 57-58. Instead, the VE testified, based upon the ALJ's RFC, that the plaintiff could perform two jobs, which both require a reasoning level of two. See tr. 57; DOT No. 706.684-022, *available at* 1991 WL 679074; DOT No. 706.687-010, *available at* 1991 WL 67050. However, the one to two step instruction limitation is consistent with a reasoning level of one, thus the ALJ's adoption of this testimony was in error. See tr. 26;

DOT App. C, *available at* 1991 WL 688702. Further proceedings are necessary to determine whether the plaintiff could perform any jobs within the national economy with a reasoning level of one. The ALJ shall also consider whether plaintiff has a learning disability that is a severe impairment, which may require additional reconsideration of the RFC. Alternatively, the ALJ shall provide legally sufficient reasons as to why he did not adopt these limitations into the RFC.

In addition to the above, the VE testified that plaintiff could maintain employment even if unproductive for ten percent of the time per month (sixteen hours). Tr. 58. When asked whether plaintiff could maintain employment if she missed sixteen hours a month, the VE testified that would bar employment. Id. The VE noted that there was a difference in the result. Id. However, the VE was then asked whether plaintiff could maintain employment if she was physically present at a job but did not work for sixteen hours, to which the VE answered no, because that would in effect be absent. Tr. 59. This testimony is seemingly inconsistent and further proceedings could be useful to determine whether, as the VE stated, there is a difference in the result of unproductiveness versus absentness. See tr. 58-59.

Finally, plaintiff argues the ALJ improperly considered the medical opinion of Dr. Englander, a treating physician. The ALJ mistakenly noted a form as filled out by Sheryl Hedges, a nurse practitioner, and discredited the opinion for a variety of reasons under the standard for "other sources." See tr. 24. However, even though the form was addressed to Ms. Hedges, Dr. Englander signed the form. See tr. 528-32. As such, the form represents the medical opinion of Dr. Englander. Further proceedings would allow the ALJ to reconsider the opinion and apply the proper legal standard in light of that fact.

//

//

4 – FINDINGS AND RECOMMENDATION

## Conclusion

For the reasons stated above the Commissioner's decision should be reversed and remanded for further proceedings.

Dated this 1st day of December 2015.

                                             s/Thomas M. Coffin
                                             THOMAS M. COFFIN
                                             United States Magistrate Judge